8:19-cv-642 (BKS/DJS)

# EXHIBIT A

FILED: ST. LAWRENCE COUNTY CLERK 03/20/2019 12:30 PM   INDEX NO. EFCV-19-155126
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 03/20/2019

STATE OF NEW YORK        COUNTY OF ST. LAWRENCE
SUPREME COURT
_____

BENJAMIN McALLISTER,

        Plaintiff,

vs.                                    **SUMMONS**
                                    Index No.:
CATALYST AVIATION, LLC,

        Defendant.
_____

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    St. Lawrence County is designated as the place of trial on the basis of Plaintiff's residence: 752 Converse Road, Nicholville, New York.

DATED:    Ogdensburg, New York
                March 20, 2019

                                                Edward A. Betz
                                                Carlisle Law Firm, P.C.
                                                Attorneys for the Plaintiff
                                                Office and Post Office Address
                                                602 State Street / P.O. Box 757
                                                Ogdensburg, New York 13669
                                                Tel. No.: (315) 393-1111

To:    Catalyst Aviation, LLC

FILED: ST. LAWRENCE COUNTY CLERK 03/20/2019 12:30 PM         INDEX NO. EFCV-19-155126
NYSCEF DOC. NO. 1                                             RECEIVED NYSCEF: 03/20/2019

STATE OF NEW YORK                         COUNTY OF ST. LAWRENCE
SUPREME COURT

---

BENJAMIN McALLISTER,

    Plaintiff,

  vs.              **COMPLAINT**
                  Index No.:

CATALYST AVIATION, LLC,

    Defendant.

---

  The Plaintiff, by and through his attorneys, Carlisle Law Firm, P.C., Edward A. Betz *of counsel*, for his complaint against the Defendant herein, alleges:

  1.  At all times hereinafter mentioned, the plaintiff was and still is a resident of the County of St. Lawrence and State of New York, residing at 752 Converse Road, Nicholville, New York.

  2.  Upon information and belief, the Defendant, Catalyst Aviation, LLC, (hereinafter "Defendant") is a New Jersey Limited Liability Corporation with an office located at 5 Academy Drive, Hammontown, New Jersey.

  3.  Upon information and belief, Northline Utilities, LLC is a Limited Liability Corporation with an office at 15 School Lane, Ausable Forks, New York 12912.

  4.  At all times hereinafter mentioned, Plaintiff was employed by Northline Utilities, LLC.

  5.  Upon information and belief, Defendant, at all times mentioned herein, was and is engaged in the business of owning, operating, maintaining, servicing and offering

helicopter services for use in New York State including the services it offered to Northline Utilities that were performed in New York which is the subject of this matter.

6. Upon information and belief, Defendant, at all times mentioned herein, held itself out to plaintiff, Northline Utilities, LLC and the general public as a company offering helicopter services with competent, qualified and certified staff who were trained to operate low-flying helicopters to assist with airlifting utility linemen to utility poles so they could perform certain maintenance, installation and inspection services to poles and utility lines.

7. Upon information and belief, at all relevant times herein, Defendant, was hired and/or contracted by plaintiff's employer, Northline Utilities, LLC, for the purpose of airlifting utility linesmen by helicopter to place blocks/pulleys that would eventually hold and help string fiber optic utility lines through the utility poles in New York.

8. Upon information and belief, Robert Hoban, Jr. was the helicopter pilot operating the Aerospatiale AS 355FZ helicopter on October 30, 2018, while in the scope of his employment with Defendant, in which the plaintiff was a passenger.

9. Defendant, at all times mentioned herein, was and is vicariously liable for any and all acts and/or omissions by Robert Hoban, Jr. in the operation of the aforesaid helicopter on October 30, 2018.

10. Upon information and belief, at all relevant times herein, Defendant was the owner and operator of the subject Aerospatiale AS 355FZ helicopter in which the plaintiff was a passenger.

11. Upon information and belief, on October 30, 2018, plaintiff, pilot Robert Hoban, Jr., and two other individuals were in the aforesaid helicopter working on utility lines in Beekmantown, New York.

12. Upon information and belief, at all relevant times herein, Defendant, by and through its employees, agents, and/or staff members, including Robert Hoban, Jr., were in exclusive control of the aforesaid helicopter on October 30, 2018 in which plaintiff was a passenger.

13. Upon information and belief, on October 30, 2018, the plaintiff was in the scope of his employment with Northline Utilities while he was working on placing utility equipment and lines.

14. Upon information and belief, Defendant, only weeks prior to October 30, 2018, received governmental approval to provide the subject services to Northline Utilities on the aforesaid date.

15. Upon information and belief, the AS 355FZ helicopter was too large to use for the services Defendant was providing to Northline Utilities on October 30, 2018.

16. Upon information and belief, due to the wind conditions on October 30, 2018, at the time of the incident, the Defendant should not have been operating the large helicopter for the services it was providing to Northline Utilities due to the need to maintain steady control of the helicopter and because of the close proximity to the power lines.

17. Upon information and belief, the Defendant knew or should have known that the helicopter weight was not evenly distributed due to the equipment on it causing it to become more difficult to control.

18. Upon information and belief, on October 30, 2018, Defendant, by and through Robert Hoban, Jr., swerved multiple times towards the powerline without the ability to maintain control of the helicopter.

19. Upon information and belief, Defendant, by and through Robert Hoban, Jr., should have stopped providing helicopter services due to the inability to control it and the high risk of injury.

20. Upon information and belief, on October 30, 2018, Defendant, by and through Robert Hoban, Jr., crashed into the utility pole, causing the helicopter to become entangled in the power lines, flip over, catch fire, and ultimately explode.

21. Upon information and belief, at the time of the crash, the plaintiff was seated in the helicopter and was strapped to the helicopter by a safety harness.

22. Upon information and belief, plaintiff was harnessed to the helicopter, entangled in the helicopter's communications system wires, and initially unable to free himself while the helicopter was entwined upside down on the utility line.

23. Upon information and belief, plaintiff was eventually able to free himself and was forced to leap from the burning helicopter from a height of approximately seventy-five (75) feet, sustaining severe injuries.

FILED: ST. LAWRENCE COUNTY CLERK 03/20/2019 12:30 PM   INDEX NO. EFCV-19-155126
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 03/20/2019

## AS AND FOR PLAINTIFF'S
## FIRST CAUSE OF ACTION
(Negligence)

24. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-23 as enumerated above, as more fully set forth herein.

25. Upon information and belief, Defendant and/or Defendant's employees had a duty to use due care, caution and sensibility when performing the task for which Defendant was contracted.

26. Upon information and belief, Defendant and/or Defendant's employees had a non-delegable duty to see that the task was performed in reasonably safe conditions, factoring in weather conditions and the safety of their equipment, and to ensure that the employees of Northline Utilities were kept free of dangers and hazards to those workers lawfully performing jobs, including the plaintiff.

27. Upon information and belief, Defendant, by and through its employees, agents and/or staff members were negligent, careless, and reckless in the possession, control, supervision, direction, judgment and management of the aforesaid helicopter in that Defendant: failed to adequately train its employees, agents, staff members and/or sub-contractors for this particular job; negligently hired its employees, agents, staff members and/or sub-contractors for this particular job; operated and utilized a helicopter that was too large for the job; failed to ensure that the weight on the helicopter was evenly distributed; failed to insist on and/or recommend that the helicopter not be flown on the subject day at the time of the crash because of the wind conditions; failed to land the helicopter and/or cease providing helicopter services after multiple attempts were

unsuccessful at getting the helicopter close enough to the utility line so work could be performed; operated the helicopter in an unsafe and/or hazardous manner; failed to keep the helicopter under control; failed to appreciate the significance of and use sufficient precautions due to the wind conditions; failed to provide the plaintiff with a safe place to work; failed to reasonably and adequately protect the health and safety of plaintiff; failed to hire and/or utilize staff members that had experience handling the subject scope of work; and failed to prevent the helicopter from crashing into the utility pole; among other conduct.

28. Upon information and belief, the aforesaid accident and resulting injuries sustained by the plaintiff were caused solely and wholly by reason of the negligence of Defendant and/or Defendant's employees, without any fault, want of care of culpable conduct on the part of the plaintiff.

29. Upon information and belief, Defendant and/or Defendant's employees had actual notice and/or constructive notice of the defective and dangerous conditions prior to the happening of the incident alleged herein.

30. Upon information and belief, as a direct and proximate result of the negligence of Defendant and/or Defendant's employees, the plaintiff experienced conscious pain and suffering, incurred medical expenses and lost wages.

31. Upon information and belief, as a direct and proximate result of the negligence of Defendant and/or Defendant's employees, the plaintiff will experience conscious pain and suffering, will incur medical expenses and will lose wages.

FILED: ST. LAWRENCE COUNTY CLERK 03/20/2019 12:30 PM   INDEX NO. EFCV-19-155126
NYSCEF DOC. NO. 1                                                          RECEIVED NYSCEF: 03/20/2019

32.  Upon information and belief, as a direct and proximate result of the negligence of Defendant and/or Defendant's employees, the plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts.

**WHEREFORE**, the Plaintiff, Benjamin McAllister, demands judgment against Defendant on all causes of action in an amount that exceeds the jurisdiction of all lower courts that otherwise have jurisdiction, exclusive of costs, statutory interest, disbursements, and such other, further, or different relief as the Court deems just and proper.

Dated: March 20, 2019

_____
Edward A. Betz
**Carlisle Law Firm, P.C.**
Attorneys for the Plaintiff
Office and Post Office Address
602 State Street/ P.O. Box 757
Ogdensburg, New York 13669
Tel. No.: (315) 393-1111
ebetz@prestoncarlisle.com

To:   Catalyst Aviation
      5 Academy Drive
      Hammonton, New York 08037